UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHELLE MARSHALL, et al.** | **CIVIL ACTION** |
| versus | No. 05-3726 |
| **AIR LIQUIDE - BIG THREE, INC., et al.** | SECTION: I/4 |

## ORDER AND REASONS

Before the Court is plaintiffs' motion to remand.[1] Plaintiffs–Michelle Marshall, individually and on behalf of her minor children; Dorothy Jones; Jim Adams; and Tina Andrews, individually and on behalf of her minor children–argue that defendants' notice of removal is procedurally deficient because one co-defendant failed to provide timely notice of consent. Defendants–Air Liquide-Big Three, Inc., f/k/a Lincoln Big Three, Inc. ("Big Three"), Air Liquide America Corp. ("ALA Corp."), Air Liquide America L.P. ("Air Liquide")–oppose the motion.[2] For the following reasons, plaintiffs' motion is **GRANTED**.

### *BACKGROUND*

Plaintiffs represent a class of current and former residents of the neighborhood surrounding

---

[1]Rec. Doc. No. 18.

[2]Rec. Doc. No. 21.

1

defendant Air Liquide's chemical facility in New Orleans, Louisiana.³ The Air Liquide facility manufactured acetylene, and these manufacturing activities produced an allegedly hazardous chemical byproduct, carbide lime.⁴ Defendants Big Three, ALA Corp., and Air Liquide were the owners and operators of the chemical facility.⁵ Pursuant to a plan submitted to the Louisiana Department of Environmental Quality by Big Three, Air Liquide, and defendant E. Roy Baggett ("Baggett"), defendants, Global Lime Calciner of Louisiana, L.L.C., and Global Lime, L.L.C., were engaged to remove the carbide lime from the property.⁶ Defendant, David Bergeron, was a control engineer for Global Lime, L.L.C., and responsible for directing activities related to the carbide lime removal at the Air Liquide facility.⁷

Plaintiffs filed their complaint in Orleans Parish Civil District Court on June 28, 2005, alleging that they suffered harm from exposure to chemical substances produced and stored at the Air Liquide facility.⁸ Air Liquide was served with process on July 7, 2005.⁹ On August 8, 2005, defendants filed a notice of removal, removing this case to federal court.¹⁰ On November 25, 2005, plaintiffs filed the instant motion.

---

³Rec. Doc. No. 1, Def.'s Ex. A, Compl. at 1.

⁴Rec. Doc. No. 1, Def.'s Ex. A, Compl. at 3.

⁵Rec. Doc. No. 1, Def.'s Ex. A, Compl. at 3.

⁶Rec. Doc. No. 1, Def.'s Ex. A, Compl. at 3-4.

⁷Rec. Doc. No. 1, Def.'s Ex. A, Compl. at 4.

⁸Rec. Doc. No. 1, Def.'s Ex. A, Compl.

⁹Rec. Doc. No. 4, Def.'s Ex. D.

¹⁰Rec. Doc. No. 1.

*LAW AND ANALYSIS*

Plaintiffs argue that defendants' notice of removal is procedurally deficient.[11]  Plaintiffs contend that the notice of removal, which was filed 30 days after defendant Air Liquide was served with process, did not include the consent of co-defendant Baggett.  While the notice of removal did contain an allegation that Baggett consented to the removal, his formal notice of consent was not filed until August 9, 2005, or 31 days after Air Liquide was served.  Plaintiffs argue that, because this formal consent was filed outside of the 30 day period mandated by 28 U.S.C. § 1446, the case must be remanded.

Defendants argue, however, that Baggett's consent to removal is evident in a number of e-mails that were traded between their attorneys and another unidentified person.[12]  Defendants contend that, because these e-mails appeared within 30 days of service on Air Liquide, their notice of removal was timely and proper.

28 U.S.C. § 1446 governs the procedure for removing a case to federal court.  Subsection (b) requires that

> [t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

In cases with multiple defendants, all served defendants are required to join in the removal. *Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422, 423 (5th Cir. 1990); *Fontenot v. Global*

---

[11]Rec. Doc. No. 18, pp. 5-8.

[12]Rec. Doc. No. 21, pp. 2-3.

*Marine, Inc.*, 703 F.2d 867, 870 n.3 (5th Cir. 1983).[13] The 30 day time limit imposed by § 1446 begins to run as soon as the first defendant is served. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262-63 (5th Cir. 1988) (citations omitted). "Defendants . . . who are unserved when the removal petition is filed need not join in it." *Id.* at 1262 (citations omitted).

The removal statute is strictly construed. *Sea Robin Pipeline Co. v. New Medico Head Clinic Facility*, 1995 U.S. Dist. LEXIS 12013, at * 2 (E.D. La. Aug. 14, 1995) (Clement, J.) (quoting *York v. Horizon Fed. Sav. & Loan Ass'n*, 712 F. Supp. 85, 87 (E.D. La. 1989)). When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of proof. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S. Ct. 35, 37, 66 L. Ed. 144, 148 (1921); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996) ("A party invoking the removal jurisdiction of the federal courts bears a heavy burden.").

In particular, the time limit imposed by 28 U.S.C. § 1446(b) is mandatory and a district court does not have authority to extend such deadline. *Walker v. Gunn*, 511 F.2d 1024, 1026 (9th Cir. 1975) ("[N]umerous cases so hold that the statute, insofar as the time for removal is concerned, is imperative and mandatory, must be strictly complied with, and is to be narrowly construed."); *Sciortino v. Nat'l R.R. Passenger Corp.*, 2005 U.S. Dist. LEXIS 12019, at *4 (E.D. La. May 27, 2005); *Sea Robin*, 1995 U.S. Dist LEXIS at *2

---

[13]There are several narrow exceptions to the requirement that all defendants join in the removal notice. *See* 14C *Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure §3731* at 267-72 (3rd ed. 1998). Defendants' opposition, however, does not mention these exceptions, nor does the Court independently find that any are applicable.

(refusing to expand the time period for filing a notice of removal in light of the "plain, unambiguous language of the removal statute"); *Shadley v. Miller*, 733 F. Supp. 54, 55 (E.D. Mich. 1990) (citations omitted); *York*, 712 F. Supp. at 86-87 ("The thirty day period is mandatory, unless the party seeking a remand waives that requirement.") (citing *Dow Corning Corp. v. Schpak*, 65 F.R.D. 72, 74 (N.D. Ill. 1974)); *Skidmore v. Beech Aircraft Corp.*, 672 F. Supp. 923, 925 (M.D. La. 1987). In addition, "[u]ntimely filing of the removal petition . . . is a defect causing 'improvident' removal." *Royal v. State Farm Fire & Cas. Co.*, 685 F.2d 124, 127 (5th Cir. 1982) (quoting *London v. U.S. Fire Ins. Co.*, 531 F.2d 257, 260 (5th Cir. 1976)).

Doubts concerning removal are to be construed against removal and in favor of remand to state court. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand.") (citation omitted); *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990); *Her Majesty the Queen in Right of Province of Ont.*, 874 F.2d 332, 339 (6th Cir. 1989); *see also York*, 712 F. Supp. at 87 (citing *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985); *Takeda v. Nw. Nat. Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985); *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982); *Illinois v. Kerr-McGee Chem. Corp.*, 677 F.2d 571, 576 (7th Cir. 1982), *cert. denied*, 459 U.S. 1049, 74 L. Ed. 2d 618, 103 S. Ct. 469 (1982)).

Defendants argue that, even without formal notice of consent by Baggett, their notice of removal was sufficient. Defendants note that "other forms of acknowledging consent may

be acceptable to the federal court."[14]  Defendants also argue that consent for removal may be given by a person or entity acting on behalf of a defendant and quote *Getty Oil* in support.[15]

Defendants, however, ignore the court's full holding in *Getty Oil*.  While recognizing that another person or entity could formally consent to removal on behalf of a defendant, the *Getty Oil* court still found that the defendant's "unsupported statement in the original removal petition . . . indicat[ing] that [a co-defendant] actually consented to removal when the original petition was filed" was insufficient to provide formal notice of consent.  841 F.2d at 1262.  Other courts have come to similar conclusions.  *See, e.g.*, *Wakefield v. Olcott*, 983 F. Supp. 1018, 1021 (D. Kan. 1997) ("It is simply not enough that the removing party in its notice of removal represents that the other defendants consent or do not object to removal.") (internal quotations omitted);  *Kenner Servs. v. Star Enter.*, 1996 U.S. Dist. LEXIS 10163, at *11-12 (E.D. La. Jul. 16, 1996) (finding that a notice of removal containing the assertion that co-defendants consented to the removal was insufficient to provide notice of consent)*; Landman v. Borough of Bristol*, 896 F. Supp. 406, 409 (E.D. Pa. 1995) ("Statements made in a removal petition concerning a co-defendant's position on removal are inappropriate without some form of filing by the co-defendant.") (citations omitted).

Defendants' notice of removal contains only the unsupported statement that "E. Roy Baggett consents to removal of this matter and will file a Consent to Removal to satisfy the

---

[14]Rec. Doc. No. 21, p. 3 (quoting 14C *Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure §3731* at 258 (3rd ed. 1998)).

[15]Rec. Doc. No. 21, p. 3.

6

unanimity requirement."[16] Baggett did not sign the notice and there is no evidence that Baggett formally authorized defendants to consent on his behalf. Defendants argue that the e-mails from defense counsel indicating Baggett's consent to removal are sufficient to provide notice.[17] These e-mails, however, do not constitute the "timely filed written indication" required by § 1446. *See Getty*, 841 F.2d at 1262. These are private e-mails that do not put the Court or other parties on notice of Baggett's consent. Baggett did file a formal notice of consent; however, because his notice was not filed within 30 days of service on Air Liquide, it is untimely.

The procedure for remanding a case removed from state court is governed by 28 U.S.C. § 1447(c), which provides, in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

This subsection establishes that a plaintiff has thirty days to seek remand based on a defect in the removal procedure. Defendants' notice of removal was filed on August 8, 2005; therefore, plaintiff's motion to remand was due 30 days later on September 7, 2005. The exigencies caused by Hurricane Katrina, however, prompted a stay of all deadlines in this district from the date of the hurricane's landfall on August 29, 2005, until November 25, 2005. *See Order,* U.S. Dist. Ct., E.D. of La., Nov. 3, 2005 (Berrigan, C.J.).[18] Because

---

[16] Rec. Doc. No. 1, p. 5 ¶ 12.

[17] Rec. Doc. No. 21, p. 2; Def.'s Ex. 1-4.

[18] Available at http://www.laed.uscourts.gov/GENERAL/Notices/Termination% 20of%20Order%2011.03.05.pdf

7

plaintiffs filed their motion for remand on November 25, 2005, it is timely.

Defendants' have not shown that their removal petition was properly filed.  Because of this procedural defect, and pursuant to 28 U.S.C. § 1447(c), the Court finds that this case should be remanded to state court.  While the Court is mindful that Baggett's notice of consent was filed only one day late, the strictures of the removal statute and the presumption in favor of remand require this result.

Accordingly,

**IT IS ORDERED** that plaintiffs' motion to remand is **GRANTED**, and the case is **REMANDED** to the Orleans Parish Civil District Court.

**IT IS FURTHER ORDERED** that the motion to clarify petition for removal[19] submitted by defendants Big Three, ALA Corp., and Air Liquide is **DISMISSED** as moot.

**IT IS FURTHER ORDERED** that plaintiffs' motion for extension of time to file motion to certify class[20] is **DISMISSED** as moot.

New Orleans, Louisiana, February __6th__, 2006.

```
                                          LANCE M. AFRICK
                                    UNITED STATES DISTRICT JUDGE
```

---

[19]Rec. Doc. No. 9.

[20]Rec. Doc. No. 27.